IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL BILLINGSLEA, TDCJ No. 1588458, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-622-M-BN |
| MARIAN BROWN and KOBBY WARREN, | § § § § | |
| Defendants. | § | |

### SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Darrell Billingslea, a Texas prisoner, filed a *pro se* civil rights complaint against his former defense counsel and the Dallas County Sheriff, raising claims concerning a state conviction that he contends is wrongful, but which has yet to be declared invalid. *See* Dkt. No. 3. Chief Judge Barbara M. G. Lynn referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And, on March 30, 2022, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss Billingslea's lawsuit without prejudice because his civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) [Dkt. No. 6] (the Initial FCR).

Billingslea has now filed his one amended complaint as a matter of course. *See* Dkt. No. 7. While it is unclear whether Billingslea reviewed the Initial FCR prior to filing the amended complaint, his amended allegations, like his initial allegations,

reflect that his claims are subject to the rule announced in *Heck*. And the Court should dismiss this case without prejudice for the reasons set out in the Initial FCR.

## Recommendation

The Court should dismiss this action without prejudice, as Plaintiff Darrell Billingslea's civil claims are currently subject to the rule announced in *Heck*.

To be set by separate order, a copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 8, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE